Doris COLE, Plaintiff,

v.

**APPALACHIAN POWER COMPANY,**
**et al., Defendants.**

Civ. A. No. 1:94–0517.

United States District Court,
S.D. West Virginia.

July 13, 1995.

Sharon Steorts and Carl Hostler, Charleston, WV, for plaintiff.

Thomas Winn, Victor Cardwell, Diane Baun, Clinton Morse, Roanoke, VA, C. Davis, Bluefield, WV, and Bill Turner, Lewisburg, WV, for defendants.

## MEMORANDUM ORDER

FEINBERG, United States Magistrate Judge.

Pending before the court is plaintiff's Motion to Clarify the Status of Employees, and defendant's Motion for Protective Order. The court has received additional materials from the parties relating to the Motion. At issue is whether plaintiff's counsel may interview *ex parte* certain named employees of defendant. In particular, the court is faced with the competing interests of plaintiff's legitimate search for witnesses in a civil action relating to her employment, and the ethical considerations raised by the witnesses being agents/servants of defendant.

This Court's Local Rule 3.01 provides that, among other Codes, "the Code of Professional Conduct as adopted by the Supreme Court of Appeals of West Virginia provide[s] the basic ethical considerations and disciplinary rules for the conduct of attorneys practicing in this court."

Rule 4.2 of the West Virginia Rules of Professional Conduct provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

W.Va.Rules of Professional Conduct, Rule 4.2 (1988). The Official Comment to the Rule gives some additional explanation:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule.

The Official Comment would prohibit *ex parte* interviews with three classes of an organization's employees:

1. Those having a managerial responsibility;

2. Any other person;

(a) Whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability; or

(b) Whose statement may constitute an admission on the part of the organization.

The Comment's language, "whose statement may constitute an admission on the part of the organization," is an unmistakable reference to Evidence Rule 801(d)(2)(D), which provides as follows:

> **(d) Statements which are not hearsay.** A statement is not hearsay if—
>
> > **(2) Admission by party-opponent.** The statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, ....

The Supreme Court of Appeals of West Virginia ("State Supreme Court") stated that the Official Comment to Rule 4.2 is not part of the Rule and is not considered "binding," in *Dent v. Kaufman,* 185 W.Va. 171, 174, 406 S.E.2d 68, 71 (1991). In *Dent,* the State Supreme Court was asked to decide whether all employees of a corporate defendant are

"parties" to a lawsuit for the purpose of Rule 4.2. The Court adopted the approach used in *Niesig v. Team I,* 76 N.Y.2d 363, 558 N.E.2d 1030, 559 N.Y.S.2d 493 (1990), which it quoted as follows:

> The test that best balances the competing interests, and incorporates the most desirable elements of the other approaches, is one that defines "party" to include corporate employees whose acts or omissions in the matter under inquiry are binding on the corporation (in effect, the corporation's "alter egos") or imputed to the corporation for purposes of its liability, or employees implementing the advice of counsel. All other employees may be interviewed informally.
>
> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;
>
> In practical application, the test we adopt thus would prohibit direct communication by adversary counsel "with those officials, but only those, who have the legal power to bind the corporation in the matter or who are responsible for implementing the advice of the corporation's lawyers, or any member of the organization whose own interests are directly at stake in a representation." (Wolfram, [*Modern Legal Ethics*], § 11.6, at 613.) This test would permit direct access to all other employees, and specifically—as in the present case—it would clearly permit direct access to employees who were merely witnesses to an event for which the corporate employer is sued.

*Niesig,* 76 N.Y.2d at 374–75, 559 N.Y.S.2d at 498–99, 558 N.E.2d at 1035–36; *Dent,* 185 W.Va. at 175, 406 S.E.2d at 72.[1] The New York court, in adopting this test, specifically rejected an approach which was based on Rule 801(d)(2)(D), Federal Rules of Evidence, "which is different from the New York State rule (*see, Loschiavo v. Port Auth.,* 58 N.Y.2d 1040, 462 N.Y.S.2d 440, 448 N.E.2d 1351 (1983); *Kelly v. Diesel Constr. Div.,* 35 N.Y.2d 1, 358 N.Y.S.2d 685, 315 N.E.2d 751 (1974))." 76 N.Y.2d at 374, 559 N.Y.S.2d at 498, 558 N.E.2d at 1035. Therefore the *Dent* case is based upon reasoning which specifically excluded from consideration Federal Rule of Evidence 801(d)(2)(D) which is in full force in this Court, and in West Virginia State courts via West Virginia Rules of Evidence 801(d)(2)(D).

The court concludes that the *Dent* holding effectively eliminates the portion of the Official Comment to Rule 4.2 which concerns statements which constitute admissions. Evidence Rule 801(d)(2)(D) is not mentioned in the decision. The *Dent* opinion reminds the reader that "what we are dealing with here are rules of professional conduct, not rules of evidence. As the Supreme Court of Washington has said, '[i]t is not the purpose of the rule to protect a corporate party from the revelation of prejudicial facts.' *Wright v. Group Health Hosp.,* 103 Wash.2d 192, 200, 691 P.2d 564, 569 [1984]."[2] The *Dent* opinion gives a concrete example of an appropriate *ex parte* interview:

> In fact, a hospital employee could tell opposing counsel that he saw a surgeon snorting cocaine in the men's room before surgery, and his statement, no matter how damning to the surgeon or the hospital, would never constitute an admission by the surgeon or the hospital. It would be entirely proper for plaintiff's counsel in a

---

1. Professor Wolfram's treatise provides an excellent exposition of the issue. He writes as follows:

   > To what extent is a lawyer prohibited from interviewing employees of a corporation or other entity represented by another lawyer? [The anticontact] rules seek to prevent lawyers from gaining for their clients an unfair advantage over other represented persons and to protect the client against intrusions by an opposing lawyer into the confidential client-lawyer relationship. They are not meant to protect others whose interests might be impaired by factual information willingly shared by the contacted employee. Contact by a lawyer with a corporate employee will typically do little, if anything, to impair the corporate lawyer's own ability to gather information or to advise members of the organization about legal matters. Therefore, attorney-client privilege policies are largely irrelevant. So an employee whose position in a matter is only that of a holder of factual information should be freely accessible to either lawyer.

2. When *Wright* was decided, the State of Washington had not adopted an evidence rule equivalent to 801(d)(2)(D). *Morrison v. Brandeis University,* 125 F.R.D. 14, 17 (D.Mass.1989), Collings, Magistrate Judge.

medical malpractice case to have an informal interview with such an employee.

*Dent,* 185 W.Va. at 176, 406 S.E.2d at 73.

*Dent* would prohibit *ex parte* interviews of three classes of an organization's employees:

1. Officials

   (a) Who have the legal power to bind the corporation in the matter (the corporation's "alter egos"); or

   (b) Who are responsible for implementing the advice of the corporation's lawyers; or

2. Any member of the organization whose own interests are directly at stake in a representation (i.e., each member of a class, partners in a partnership, the principal members of a joint venture, and the beneficiaries of an express trust), and any employee or other nonofficial person affiliated with an organization, who is independently represented in the matter. Wolfram, *id.* n. 47.

*Dent* specifically allows *ex parte* interviews of employees who are witnesses to an event for which the corporate employer is sued.

In late August, 1993, the interplay between Code Rule 4.2 and Evidence Rule 801(d)(2)(D) was addressed in *Branham v. Norfolk & Western Railway Co.,* 151 F.R.D. 67 (S.D.W.V.1993), Taylor, Magistrate Judge. In his Memorandum Order, Magistrate Judge Taylor held:

> [F]ollowing state precedent [*Dent*] on a matter governing ethical conduct, this Court need not attempt synthesis of the Comment's ban on ex parte contact with an employee "whose statement may constitute an admission on the part of the organization" and Rule 801(d)(2)(D)'s exclusion from hearsay of statements by a "party's agent or servant concerning a matter within the scope of the agency or employment." The fact that an employee's statement may be an admission under the provisions of this Rule, standing alone, simply provides no basis for barring ex parte contact.

*Branham,* 151 F.R.D. at 70.

Two months after *Branham,* the State Supreme Court reaffirmed the *Dent* test (adopted from *Niesig*) in *State ex rel. Charleston Area Medical Center v. Zakaib,* 190 W.Va. 186, 437 S.E.2d 759 (1993), a case which confronted the Court with Evidence Rule 801(d)(2)(D) in the context of *ex parte* interviews of former corporate employees. In *Zakaib,* the State Supreme Court emphasized that Rule 4.2 is an ethics rule, not a rule of evidence, and is applicable only to a party. 190 W.Va. at 189, 437 S.E.2d at 762. The *Zakaib* decision states:

> The complication involving Rule 4.2 is that it does not contain specific language dealing with employees of organizations who may by their position with the organization be able to legally bind the corporation. However, as we recognized in *Dent,* the Official Comment to the Rule addresses this concern. In applying the Comment, a distinction must be made between present and former employees. Former employees are distinguishable because their ability to bind an organization is restricted by the Rules of Evidence. Under Rule 801(d)(2)(D) of the Federal Rules of Evidence and its counterpart in Rule 801(d)(2)(D) of the West Virginia Rules of Evidence, statements of former employees cannot be considered an admission against the employer since they were not "made during the existence of the relationship[.]" Thus, much of the damaging nature of such statements is eliminated with regard to *ex parte* interviews of former employees.

*Zakaib,* 190 W.Va. at 190, 437 S.E.2d at 763. Here the State Supreme Court, in footnote 5, wrote: "Conceivably, if a former employee, while employed in a position covered by *Dent,* made a statement covered under Rule 801(d)(2)(D) of the Rules of Evidence, and such statement was subsequently revealed in an *ex parte* interview, it would be protected under *Dent.*" *Id.* n. 5. Thus it appears that the *Zakaib* ruling revived the influence of the Official Comment, and introduced the consideration of Evidence Rule 801(d)(2)(D) and its effect on Code Rule 4.2.

Having carefully considered these precedents, the court has concluded that neither the State Supreme Court nor the United States District Court for the Southern District of West Virginia has in fact synthesized Rule 4.2's Official Comment and Evidence

Rule 801(d)(2)(D). The *Dent* case chose a test which ignores Evidence Rule 801(d)(2)(D). *Branham,* relying on *Dent,* explicitly denied making the attempt at synthesis. *Zakaib* specifically considered the impact of Evidence Rule 801(d)(2)(D), but only in the context of former employees.

This court is influenced by the State Supreme Court's concern for the "damaging nature" of statements by employees which constitute admissions against employers, as reflected in *Zakaib,* 190 W.Va. at 190, 437 S.E.2d at 763, and the *Zakaib* opinion's consideration of the impact of Rule 801(d)(2)(D). For these reasons, the court returns to the Official Comment for guidance on Rule 4.2, and concludes that, notwithstanding the language in *Dent* that the Comment is not "binding," 185 W.Va. at 174, 406 S.E.2d at 71, the entirety of the Official Comment is relevant, including the portion regarding statements which may constitute admissions on the part of the organization.

██ The court concludes that *ex parte* interviews of the following five classes of an organization's employees are inappropriate:

1. Officials of the organization (those having a managerial responsibility);

2. Other persons whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability (those who have the legal power to bind the organization in the matter);

3. Those who are responsible for implementing the advice of the organization's lawyers;

4. Any members of the organization whose own interests are directly at stake in a representation (i.e., any person who is independently represented by counsel directly or indirectly by membership in a class, partnership, joint venture, or trust);

5. An agent or servant whose statement concerns a matter within the scope of the agency or employment, which statement was made during the existence of the relationship and which is offered against the organization as an admission. However, *ex parte* interviews of employees who are "mere witnesses" to an event for which the organization is sued (i.e., holders of factual information), are permitted. *Dent,* 185 W.Va. at 176, 406 S.E.2d at 73.

██ Having listed these five classes, the court now considers the named employees of defendant who plaintiff's attorney wishes to contact. The court has no knowledge of any of these employees being independently represented by counsel. Any person who is so represented may not be interviewed *ex parte* by plaintiff's attorney (or, of course, by defendant's attorney).

For the foregoing reasons, it is hereby ORDERED that plaintiff's Motion to Clarify Status of Employees is granted as set forth below, and defendant's Motion for Protective Order is granted in part and denied in part, as set forth below.

Plaintiff's attorney may interview *ex parte* the following individuals as persons who may have factual information:

1. Betty Freeman, Plant Secretary, secretary to Plant Manager, Sandy Pennington;

2. Nancy Riddle, Maintenance Mechanic B;

3. Angela Mann, Senior Clerk;

4. Bob Fielden, Utility Worker A;

5. Clifford Long, Equipment Operator B;

6. Billy Neal, Coal Equipment Operator;

7. Richard Wall, Equipment Operator B;

8. Ricky Miller, Maintenance Mechanic A;

9. Larry Mann, Maintenance Mechanic A;

10. Teresa Bowles, Equipment Operator A;

11. Hazel Sadler, Maintenance Mechanic C;

12. Nate Brim, Senior Stores Attendant;

13. Howard Dickerson, Maintenance Mechanic B;

14. Greg Lee, Maintenance Mechanic B;

15. Jim Robinette, Coal Sampler;

16. Jeff Long, Equipment Operator A;

17. Rick Ould, Maintenance Mechanic A.

Plaintiff's attorney may not interview *ex parte* the following individuals, for the reason that they fall into one or more class(es):

A. Sonny Wiley, Maintenance Supervisor (classes 1 and 2);

B. Roger Wheeler, Shift Operating Engineer (classes 1 and 2);

C. Jana Walls, Senior Chemist (classes 1, 2, and 5);

D. Mackie Mullins, Unit Supervisor (classes 1 and 2).

Other employees, Harry Johnson, M.N. Repass, N.L. Shrader, J.M. Ferrell, D.H. Hargro, J.W. Worrell, O.K. Nance, and Joe Rider are not covered by this Memorandum Order. They shall not be contacted *ex parte* by plaintiff's attorney until further Order of the court. Defendant has not had an opportunity to respond to these names.

Plaintiff has requested authority to interview *ex parte* "any other plant employees who volunteer to speak, except those managers already deposed." It is hereby ORDERED that the requested authority is denied.

■ When plaintiff's attorney attempts to conduct *ex parte* interviews with the named employees, Rule 4.3 of the Code controls. The attorney or her investigator shall (1) fully disclose their representative capacity to the employee, (2) state the reason for seeking the interview as it concerns the attorney's client and the employer, (3) inform the individual of his or her right to refuse to be interviewed, (4) inform the person that he or she has the right to have their own counsel present, and (5) not, under any circumstances, seek to obtain attorney-client or work product information from the employee. *McCallum v. CSX Transportation, Inc.,* 149 F.R.D. 104, 112 (M.D.N.C.1993).

Plaintiff requested that the court order defendant to provide a place at its facilities for plaintiff's attorney to interview these employees. It is hereby ORDERED that the request is denied.